Usha **HARPALANI, Jaideep Harpalani, a minor, by his mother and next friend Usha Harpalani; and Haresh Harpalani, a minor, by his mother and next friend Usha Harpalani, Plaintiffs,**

v.

**AIR–INDIA, INC., Defendant.**

No. 85 C 244.

United States District Court, N.D. Illinois, E.D.

May 6, 1986.

John Scott Hoff, Barry E. Garley, Shale P. Lapping, James T. Laffey, Lapin, Hoff, Spangler & Greenberg, Chicago, Ill., for plaintiffs.

David Carden, Lee Ann Russo, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

This action under Article 19 of the Warsaw Convention, 49 U.S.C. § 1502 note, is before the court on the motion of defend-ant Air-India, Inc. ("Air India") to strike plaintiffs' claim for punitive damages.

Plaintiffs Usha Harpalani and her two minor children purchased tickets from Air India for round trip air transportation between Chicago and Bombay. Plaintiffs allege that they were bumped from their Air India flight between Bombay and New York on August 23, 1983, and that for the following six days defendant failed to arrange their passage to the United States on Air India or other carriers, despite the ready availability of seats. Plaintiffs seek compensatory damages in excess of $10,000 and punitive damages in excess of $500,000.

Defendant now moves to strike plaintiffs' claim for punitive damages on the ground that it is precluded by the Warsaw Convention.

## DISCUSSION

Article 19 of the Convention provides:

The carrier shall be liable for damages occasioned by delay in the transportation by air of passengers, baggage, or goods.

Although the language of Article 19 appears to permit only compensatory damages, plaintiffs argue that Article 25 creates authority for punitive damage awards in cases where plaintiffs establish that damages occasioned by a delay in transportation were caused by a carrier's willful misconduct. Article 25 provides:

(1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.

Defendant contends that Article 25 provides no authority for punitive damage awards, and merely removes the Convention's ceiling on liability for compensatory damages in cases where plaintiffs establish the carrier's willful misconduct.

■ For several reasons, this court concludes that defendant is correct. First, the language of the Convention does not support plaintiffs' claim that Article 25 authorizes punitive damage awards. Only three of the Convention's articles, Articles 17–19, create any basis for carrier liability, and the terms of each plainly limits liability to compensatory damages.[1] Another article, Article 22, provides upper limits on the amount of liability. Read in this context, Article 25 is most reasonably interpreted as an exception to the Convention's limitations on the recovery of compensatory damages, not as authority for a form of damages not permitted elsewhere in the Convention.

■ Second, nothing in the history of the Convention's present liability provisions, in effect since 1966, indicates that the signatories intended to allow punitive damage awards. The purpose of those provisions was to establish strict limits on liability that would adequately compensate passengers for most losses, yet would also be sufficiently low to permit carriers to insure against losses at reasonable rates. *See* A. Lowenfeld and A. Mendelsohn, *The United States and the Warsaw Convention*, 80 Harv.L.Rev. 497 (1967). *See also Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 256, 104 S.Ct. 1776, 1785, 80 L.Ed.2d 273 (1984). Allowing punitive damage awards would be inconsistent with this scheme, both because carriers cannot insure against such awards, and because the purpose of punitive damages—to punish and deter, *see Hamilton v. Svatik*, 779 F.2d 383, 389 (7th Cir.1985)—is unrelated to the signatories' goal of ensuring minimally adequate compensation.

Third, no court has ever awarded punitive damages under the Convention. Even in cases where plaintiffs have established carriers' willful misconduct, courts have based damage awards on plaintiffs' actual losses, and have not awarded punitive damages. *See e.g. Merck & Co. v. Swiss Air Transport Co., Ltd.*, 19 Av. Cas. (CCH) 18,190 (S.D.N.Y. Dec. 6, 1985) [Available on WESTLAW; DCTU database] (plaintiff entitled to recover full value of experimental vaccines damaged by airline's willful misconduct); *Tarar v. Pakistan International Airlines*, 554 F.Supp. 471 (S.D.Tex.1982) (members of devoutly religious family entitled to compensation for extreme emotional distress resulting from airline's willful misconduct in handling remains of family member); *Cohen v. Varig Airlines*, 62 App.Div.2d 324, 405 N.Y.S.2d 44 (1978) (plaintiffs entitled to compensation for total value of luggage lost because of airline's willful misconduct). *See also Butler v. Aeromexico*, 774 F.2d 429, 431 (11th Cir. 1985) (Alabama law permitting only punitive damages in wrongful death actions "conflicts with the tenor of the Warsaw Convention, which contemplates compensation for victims of air disasters").

Only one court has suggested that the Warsaw Convention does permit punitive damage awards. *See Hill v. United Airlines, Inc.*, 550 F.Supp. 1048, 1055–56 (D.Kan.1982). That court did so in dicta and without carefully examining the authority for punitive awards, and this court declines to adopt its conclusion.

■ Accordingly, defendant's motion to strike plaintiffs' claim for punitive damages is granted.

IT IS SO ORDERED.

---

1. Articles 17 and 18 subject carriers to liability for "damages sustained" in the event of certain occurrences, while Article 19 creates liability for "damage occasioned by" certain occurrences.