In re AIR CRASH DISASTER AT
GANDER, NEWFOUNDLAND, on
DECEMBER 12, 1985.

No. MDL 683.

United States District Court,
W.D. Kentucky,
Paducah Division.

Dec. 30, 1987.

Stanley M. Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, Paul D. Welker, Clarksville, Tenn., W. Howell Hopson, III, Geneva F. Parris, Futrell, Hopson & Parris, Cudiz, Ky., Melvin M. Belli, Sr. and Richard E. Brown, Law Offices of Melvin Belli, Sr., San Francisco, Cal., John W. Combs, II, Hopkinsville, Ky., N. Reese Bagwell, Jr., Douglas B. Parker, Bagwell, Bagwell & Parker, Clarksville Tenn., Peter H. Martin, John H. Gasaway, Clarksville, Tenn., Wendell H. Rorie, Rorie & Guier, Hopkinsville, Ky., Roy Neuenschwander, Knoxville, Tenn., J. Allen Lewis, Jr., Florence, S.C., Carol W. Johnson, Hopkinsville, Ky., John Turnbull, Turnbull & Ward, Livingston, Tenn., Charles L. Johnson, II, Clarksville, Tenn., Vince Giovanni, Sobel, Colton & Giovanni, Birmingham, Mich., J. Edmund De Castro, Jr., Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., Lucius P. Hawes, Jr., Mark A. Rassas, Tyrone C. Means, Massey, Means & Thomas, Montgomery, Ala., Peden B. McLeod, McLeod, Fraser & Cone, Walterboro, S.C., Gerald C. Smoak, Smoak, Moody, Buckner & Siegel, Walterboro, S.C., Michael A. Parfitt, Ashcraft & Gerel, Washington, D.C., Rogert I. Kimigot, Levy, Phillips & Konigsberg, New York City, Ronald A. Fitzgerald, Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., W. Michael Morgan, Cunningham, Mitchell & Hicks, Richardson & Richardson Glenn, Wedemeyer, Hay & Grimes, Clarksville, Tenn., Kathy Earhart, Dover, Tenn., William J. Campbell, Jamestown, Tenn., Myers N. Massengill, Caldwell, Johnson, Winston & Massengill, P.C., Bristol, Tenn., J. Daniel Kemp, Turner, Dixon & Kemp, Hopkinsville, Ky., John L. Atkins, W.E. Rogers III, Rogers, Higgins & Atkins, Hopkinsville, Ky., David H. Marsh, Emond & Vines, Birmingham, Ala., Paul D. Welker, Riley C. Darnell, Thomas N. Bateman, Clarksville, Tenn., Neil J. Hoff, Tacoma, Wash., Lucius P. Hawes, Jr., Wright & Hawes, Hopkinsville, Ky., Lee S. Kreindler, Kreindler &

Kreindler, New York City, Mark Rassas, Rassas & Rassas, Clarksville, Tenn., Jamie R. Lebovitz, Willard E. Bartel, Edward I. Stillman, Miller, Stillman & Bartel, Cleveland, Ohio, Philip H. Corboy, Corboy & Demetrio, P.C., Chicago, Ill., Harris J. Berman, Frank E. Haddad, Jr., Louisville, Ky., Cecil Davenport, Louisville, Ky., Richard A. Head, Samuel B. Carl, Louisville, Ky., Windle Turley, John Howie, Law Offices of Windle Turley, P.C., Marvin Thomas, Thomas, Neilson & Griffin, Dallas, Tex., John P. Coale, Coale & Associates, P.C., Washington, D.C., Jorge Ortiz Brunet, Hato Rey, P.R., Nicholas Gilman, Michael J. Pangia, Philadelphia, Pa., Paul Beckman, Baltimore, Md., John J. Kennelly, John J. Kennelly & Associates, Arthur L. Berman, Berman, Fagel, Haber, Maragos & Abrams, Chicago, Ill., Denise Ann Vinet, Kevin Patrick Monahan, Raymond Charles Vinet, Vinet & Monahan, Baton Rouge, La., Bruce G. Mason, Annette E. Mason, Ross & Mason, Omaha, Neb., Thomas L. Toone, Beer & Toone, P.C., Phoenix, Ariz., William W. Cahill, Jr., Deborah G. Shortridge, Baltimore, Md., Garland W. Cravens, Jr., Frick & Powell, Evansville, Ind., Stephen T. Greer, Greer & Smith, Dunlap, Tenn., Steve Melvin, Carter & Melvin, Fayetteville, N.C., Dan Brown, Philip R. Douglas, Lawton, Okl., Paul H. Schietroma, Morris J. Eisen, P.C., New York City, Warren B. Siegal, Phoenix, Ariz., Arthur L. Pressman, Abraham, Pressman & Bauer, P.C., Gerald D. Garfinkle, Philadelphia, Pa., Ken Apgar, Gilbert H. Robinette, Bruce J. Babij, Robinette, Dugan, Seiden & Jakubowski, P.A., Baltimore, Md., Wendell H. Gauthier, Daniel G. Abel, Gauthier, Murphy, Sherman, McCabe & Chehardy, Metairie, La., Elliot G. Snellings, New Orleans, La., Gregory Sharky, Sharky & Sax, Lakewood, N.J., Sheldon Erlich, Loptin, Miller, Freedman, Bluestone Erlich, Rosen & Bartnick, Detroit, Mich., Joseph W. Moch, Grand Rapids, Mich., Massie Tillman, Law Offices of Massie Tillman, Fort Worth, Tex., Charles M. Jones, Jeffery L. Arnold, Jones, Osteen, Jones & Arnold, Hinesville, Ga., Charles E. Yankovich, Towson, Md., Don H. Johnson, Norris, Johnson, Placke & Foley, West Monroe, La., Harris C. Wilson, Jr., Sumter, S.C., George A. Kokus, Law Offices of George A. Kokus, Miami, Fla., Keith A. Jensen, Pratt & Callis, P.C., Granite City, Ill., Richard E. Gerstein, Bailey, Gerstein, Rashkind & Dresnick, Miami, Fla., Robert D. Jones, Fuches & Jones, Royal Palm Beach, Fla., Duane Anderson, Anderson, Moss, Russo, Gievers & Cohne, P.A., Miami, Fla., Neil Slocum, Goethals, Schimmel & Gaule, Las Vegas, Nev., Bruce G. Mason, Ross & Mason, P.C., Omaha, Neb., Paul Siegel, Sinclair, Louis, Siegel, Heath, Hussbaum & Zavertnik, P.A., Miami, Fla., for plaintiffs.

John J. Martin, Bigham, Englar, Jones & Houston, New York City, Edward H. Stopher, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., Richard C. Roberts, E.F. Straub, Whitlow, Roberts, Houston & Russell, Paducah, Ky., Stephen C. Kenney, Roland R. Stevens, Thomas M. Frieder, Fisher & Hurst, San Francisco, Cal., Robert F. Ruckman, H. Dudley Chambers, David T. Moran, Bryan C. Collins, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., J. Grant McCabe, III, Philadelphia, Pa., Michael R. Gallagher, Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, William T. Warner, Confliff, Sandmann, Gorman & Sullivan, Louisville, Ky., Michael B. McKinnis, Terrence J. O'Toole, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., R.K. Christovich, New Orleans, La., Larry S. Kaplan, James F. Murphy, Conklin & Adler, Ltd., Norman J. Barry, Daniel Cummings, Rothschild, Barry & Myers, Chicago, Ill., Steven M. Edwards, Davis, Markel, Dwyer & Edwards, Curtis, Mallet-Prevost, Colt & Mosle, New York City, Edgar A. Zingman, Robert C. Ewald, Wyatt, Tarrant & Combs, Louisville, Ky., Richard F. Allen, David T. Hunter, Lane, Powell, Moss & Miller, Seattle, Wash., Fred Meyers, Denny Walters, Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Seattle, Wash., William A. Pietragallo, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., Michael Penick, Boehl, Stopher, Graves & Deindoerfer, Paducah, Ky., Samuel H. Franklin, Norman Jetmundsen, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., Albert R. Vermeire, Monbleau, Vermeire & Turley, P.C., Phoenix, Ariz., Rob-

ert Beshears, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., Barry L. Davis, Thornton, David & Murray, P.A., Harry Weisberg, Miami, Fla., Diego A. Ramos, San Juan, P.R., Russell B. Holloway, A. Scott Johnson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, Okl., Scott W. Pink, Michael R. Marron, Marron, Reid & Sheehy, San Francisco, Cal., Robert J. Dwyer, Bryan, Cave, McPheeters & McRoberts, New York City, Leonard E. Nagi, Zamplas, Paskin, Nagi, Baster, Johnson & Walker, P.C., Detroit, Mich., John R. Muth, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., and Tom Frieder, Fisher & Hurst, Robert W. Wilson, Evans & Dixon, Edwardsville, Ill., for defendants.

## MEMORANDUM

JOHNSTONE, Chief Judge.

This matter is before the court on Defendants' Motion for Partial Summary Judgment on the issue of punitive damages. This is a consolidated case comprised of more than 90 claims for wrongful death stemming from the crash of Arrow Air flight 950 on December 12, 1985 in Gander, Newfoundland. In their Master Complaint and their Amended Master Complaint, Plaintiffs have alleged a cause of action under the Warsaw Convention and have claimed punitive as well as compensatory damages. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332.

## I. FACTS

On December 12, 1985, an Arrow Air, Inc. DC–8 aircraft crashed on take-off from Gander International Airport, Gander, Newfoundland, killing all aboard. Plaintiffs' decedents were United States servicemen travelling from Cairo, United Arab

Republic to Fort Campbell, Kentucky, with scheduled stops in Cologne, West Germany and Gander, Newfoundland. At the time of the accident the aircraft was being operated by defendant Arrow Air, Inc., pursuant to a contract between Arrow and the Multinational Peacekeeping Force.

## II. MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES

Plaintiffs have claimed punitive damages against Arrow Air, Inc. (Arrow) on the grounds that Arrow was guilty of reckless, wilful and wanton acts and omissions which evidenced a total and conscious disregard for the safety of its passengers. *See* Amended Master Complaint, paragraphs 37–40. The parties agree that Plaintiffs' claims are governed by the provisions of the Warsaw Convention[1] as modified by the Montreal Agreement.[2] *See* Defendants' Memorandum in Support of Motion for Summary Judgment at 2, Plaintiffs' Memorandum in Opposition of Summary Judgment. Defendants contend however that the Warsaw Agreement, as modified, does not allow recovery of punitive damages.

The court must begin its analysis of this matter by considering the text of the Warsaw Convention and the context in which its terms are used. *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985). The language of the Convention controls unless application of that language according to its obvious meaning would result in a holding inconsistent with the intent or expectations of the Convention's signatories. *Sumitomo Shoji America, Inc. v. Avagliano*, 457 U.S. 176, 180, 102 S.Ct. 2374, 2377, 72 L.Ed.2d 765 (1982). In cases of an inconsistent result, the Convention should be interpreted to best effectu-

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, *opened for signature* Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (adherence of United States proclaimed Oct. 29, 1934). The official text of the Warsaw Convention is in French. Warsaw Convention, Chapter V, Article 36. The court will refer to the unofficial English translation of the Convention at 49 U.S.C.App. § 1502 note (1976).

**2.** Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement C.A.B. 18990, approved by order E–23680, May 13, 1966 (Docket 17325). The Montreal Agreement has the general effect of increasing the Warsaw Convention's limitation of liability to $75,000.00.

ate its evident purposes. *See Reed v. Wiser*, 555 F.2d 1079, 1088 (2d Cir.1977), *cert. denied*, 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed. 2d 279 (1977).

## A. THE TEXT OF THE CONVENTION

■ Article 17 of the Warsaw Convention establishes the liability of international air carriers for harm to passengers. *See Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 1341, 84 L.Ed.2d 289 (1985); *O'Rourke v. Eastern Airline, Inc.*, 730 F.2d 842, 853 (2d Cir.1984); *In re Air Crash Disaster at Warsaw, Poland, etc.*, 535 F.Supp. 833, 844–45 (E.D.N.Y.1982), *aff'd*, 705 F.2d 85 (2d Cir.1983); *Husserl v. Swiss Air Transport Co.*, 388 F.Supp. 1238, 1243 (S.D.N.Y.1975). Article 17 provides:

> The carrier shall be liable for *damage sustained* in the event of the death or wounding of a passenger or any other *bodily injury suffered* by a passenger, if the accident which caused the *damage so sustained* took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Warsaw Convention, Chapter III, Article 17, 49 U.S.C.App. § 1502 note (1976) (emphasis added). This court and others have held that this Article creates a cause of action for wrongful death. *See In re Air Crash Disaster at Gander, Newfoundland*, 660 F.Supp. 1202, 1216–17 (W.D.Ky. 1987); *In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400 (9th Cir.1983); *Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir.1978).

On its face, the text of Article 17, as set forth above, is entirely compensatory in tone. It establishes liability only for "damages sustained" or "bodily injury suffered" by a passenger. *Butler v. Aeromexico*, 774 F.2d 429, 431 (11th Cir.1985). Plaintiffs point out however that the Convention was written in French and that the binding meaning of the terms of the Warsaw Convention is the French legal meaning of those terms. *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 1342, 84 L.Ed.2d 289 (1985). Plaintiffs contend that the translation of "dommage survenu" in Article 17 as "damages sustained" in the English translation at 49 U.S.C.App. § 1502 note (1976), is unwarranted and incorrect.[3] According to the Plaintiffs, the word "survenu" should be translated as "happened" or "arisen" and not as "sustained." They cite no legal authority for this assertion. Defendants point out that the translation of "dommage survenu" as "damages sustained" is the translation which was before the Senate when it considered the Warsaw Convention in March 1934. It is also the text considered by the Supreme Court to be the definitive English translation of the Convention. *See Air Saks, supra* 105 S.Ct. at 1341–43. This court shall likewise consider the English translation in 49 U.S.C. App. § 1502 note (1976) to be the correct legal translation.

### 1. Punitive Damages

■ Punitive damages are not "damages sustained" by a particular plaintiff. Rather, they are private fines levied by civil juries to punish a defendant for his conduct and to deter others from engaging in similar conduct in the future. *See International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 48, 99 S.Ct. 2121, 2125–26, 60 L.Ed.2d 698 (1979); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974); PROSSER AND KEETON ON TORTS § 2 at 9–15 (5th ed. 1984). They are an award over and above what is necessary to compensate a party for his injury. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 2759, 69 L.Ed.2d 616 (1981). Punitive damages are not measured solely by the "bodily injury suffered" by a plaintiff,[4] rather, imposition of punitive dam-

---

**3.** In French, Article 17 provides in pertinent part:

> Le transporteur est responsable du *dommage survenu* en case de mort, de blessure ou de toute *autre lésion corporelle* subie par un vouyageur.

Warsaw Convention, Article 17 (emphasis added).

**4.** Plaintiffs do not offer an alternate translation for "lésion corporelle" (bodily injury) as they offered for "dommage survenu." The phrase "lésion corporelle" is seen by some courts as the

ages is determined according to other factors such as the outrageousness of the injurious act, the defendant's culpability, the defendant's motives and intent, and the nature and extent of the harm to the plaintiff. *See Fowler v. Mantooth*, 683 S.W.2d 250, 252–53 (Ky.1984); RESTATEMENT (SECOND) OF TORTS § 908 (1977); Stoll, *Penal Purposes in Tort Law*, 18 AM.JOUR. OF COMP.LAW 3 (1970). Consequently, punitive damages do not fall within the liability established by the terms of Article 17.

### 2. Exemptions of Article 25 and Article 3

■ Plaintiffs contend that punitive damages are proper in a Warsaw case, given appropriate facts. Specifically, Plaintiffs claim that if Arrow's actions were "equivalent to wilful misconduct" then punitive damages may be levied upon Arrow under the terms of Article 25. Article 25 provides that,

> [t]he carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.

Warsaw Convention, Article 25. Similarly, Plaintiffs claim that they may recover punitive damages under Article 3(2) because Arrow did not give tickets to its passengers. Article 3(2), like Article 25, provides that "if the carrier accepts a passenger without a passenger ticket having been delivered, he shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability." Warsaw Convention, Article 3(2).

■ In arguing their case, Plaintiffs' interpret the Convention as merely limiting liability rather than fixing liability. The court cannot agree with this interpretation. The Warsaw Convention sets the parameters of the right to recovery in Article 17 at compensatory damages only. *See O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842, 853 (2d Cir.1984); *In re Air Crash Disaster at Warsaw, Poland, etc.*, 535 F.Supp. 833, 844–45 (E.D.N.Y.1982), *aff'd*, 705 F.2d 85 (2d Cir.1983). When read in this light, the exclusions from limitation in Articles 3 and 25 are most reasonably interpreted as exceptions to the limitations on the recovery of *compensatory* damages within the Convention, not as authority for the recovery of *punitive* damages. *Harpalani v. Air India, Inc.*, 634 F.Supp. 797, 799 (N.D.Ill.1986). Consequently, Articles 3 and 25 do not authorize recovery of punitive damages.

### B. HISTORY AND CONTEXT OF THE CONVENTION

■ The parties have submitted voluminous proof setting forth the history of the Warsaw Convention, including several treatises, journal articles, cases, and a transcript of the minutes of the Warsaw Convention. Nothing in this court's review of the learned materials presented to it, or the minutes of the Convention indicates that the signatories to the Convention intended to allow punitive damages. The purpose of the Warsaw Convention is to place strict, uniform limits on air carriers' liability which will allow adequate compensation for passengers' losses, yet which will be low enough to allow carriers to insure against losses at reasonable rates. *See Reed v. Wiser*, 555 F.2d 1079, 1089 (2d Cir.1977); Preamble, Warsaw Convention; MINUTES, SECOND INTERNATIONAL CONFERENCE ON PRIVATE AERONAUTICAL LAW, OCTOBER 4–12, WARSAW (R. Horner & D. Legrez English

---

clearest evidence that Article 17 was designed to limit the air carriers' liability to only compensatory damages directly connected to bodily injury. *See In re Eastern Airlines, Inc., Engine Failure*, 629 F.Supp. 307 (S.D.Fla.1986); *Burnett v. Trans World Airlines, Inc.*, 368 F.Supp. 1152 (D.N.M.1973). The reasoning expressed in those cases is that the drafters of the Convention chose with particular care to limit liability to damages for "bodily injury" only. Consequently, those courts ruled that recovery of other types of damages, such as for mental suffering, are not allowed under the Convention. This court finds those decisions to be authority for the proposition that the Convention limits air carriers' liability by excluding all noncompensatory claims against them.

trans.1975). *Cf. Trans World Airlines, Inc. v. Franklin Mint Co.*, 466 U.S. 243, 104 S.Ct. 1776, 1784, 80 L.Ed.2d 273 (1984). Neither uniformity, insurability nor an effective limitation of liability would be achieved if punitive damages could be recovered against an air carrier under the Convention. Consequently, punitive damages may not be recovered under the Convention. It follows that state law claims for punitive damages are pre-empted by the Convention to the extent that they would prevent the application of the Convention's limitations. *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1308 (9th Cir.1982).

### C. CASELAW INTERPRETATION

Other courts have considered whether punitive damages may be recovered under the Warsaw Convention and have refused to allow such claims. *See Butler v. Aeromexico*, 774 F.2d 429, 431 (11th Cir.1985); *Harpalani v. Air–India, Inc.*, 634 F.Supp. 797 (N.D.Ill.1986). Courts have instead allowed damage awards based only on actual losses. *See, e.g., Cohen v. Varig Airlines*, 62 A.D.2d 324, 405 N.Y.S.2d 44 (1978). Of particular note in this line of cases is the decision of the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida in *In re Air Crash at Gander, Newfoundland on December 12, 1985*, Nos. 86–35801, CA 13 and 86–53040, CA 06 (11th Cir. September 18, 1987). *In re Air Crash at Gander* is an action in Florida state court involving many of the same parties as are involved in this action and arising out of the same crash in Gander, Newfoundland on December 12, 1985 which precipitated this action. The Honorable Joseph P. Farina, Circuit Judge, held in that case that the Warsaw Convention does not permit a claim for punitive damages.

Plaintiffs cite several cases in support of their contention that the Warsaw Convention allows claims for punitive damages, most notably, *Hill v. United Airlines, Inc.*, 550 F.Supp. 1048 (D.Kan.1982).[5] The court does not find the decision in *Hill* to be persuasive. In *Hill* the plaintiffs claimed damages for "intentional misrepresentation" under the Warsaw Convention. The court in *Hill* found that such a claim was "completely outside the Warsaw Convention." *Hill* at 1054. Inexplicably, the court went on to allow a claim for punitive damages under the Article 25 "wilful misconduct" exception from limitation. *Id.* at 1056. The court did not explain how the claim before it could be outside the Convention but grounded in the language of Article 25.

The reasoning in *Hill* is not logically consistent and the court's holding is of dubious precedential value in this case. Consequently, this court declines to follow the rule or the decision in *Hill.* The court will instead follow the precedent established in *Butler, Harpalani,* and *Cohen, supra,* and refuse to allow Plaintiffs' punitive damages claim.

### III. CONCLUSION

This court previously stated that the Warsaw Convention does not exclude claims against carriers arising under state law. *See In re Aircrash Disaster at Gander, Newfoundland*, 660 F.Supp. 1202, 1221 (W.D.Ky.1987). At that time, the court did not specify which state law claims were allowed under the Convention and which were pre-empted by the Convention. The court now holds that the Warsaw Convention by its terms and history allows *compensatory* damages claims against carriers arising under state law but excludes *punitive* damages claims.

An appropriate Order has been entered.

---

5. Plaintiffs also cite *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301 (9th Cir.1982) and *Cohen v. Varig Airlines*, 85 Misc. 2d 653, 380 N.Y.S.2d 450 (Civ.Ct.1975), *aff'd*, 62 A.D.2d 324, 405 N.Y.S.2d 44 (App.Div. 1st Dept. 1978) in support of their contention that Warsaw allows punitive damages. Neither of these cases directly supports Plaintiffs' position.